IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-1588-ZLW-MJW

OCIE EDWARD BROOKS II,

    Plaintiff,
v.

SARA LEE CORPORATION,

    Defendant.

---

ORDER

---

The matters before the Court are Plaintiff Ocie Brooks' Motion For Attorney Fees and Defendant Sara Lee Corporation's Motion To Stay Proceedings To Enforce Judgment.

I.    <u>Plaintiff's Motion for Attorney Fees</u>

This Title VII employment discrimination case was tried to a jury from June 5, 2006, through June 7, 2006.  The jury returned a verdict for Plaintiff, and thereafter judgment was entered in favor of Plaintiff.  The Court, in its discretion, may award reasonable attorney's fees to Plaintiff as the prevailing party pursuant to 42 U.S.C. § 2000e-5(k), and the Court determines that an award of reasonable attorney's fees is appropriate in this case.  The hourly fees charged by Plaintiff's counsel ($250/hour for Mr. Traylor and Ms. Ryan, $110/hour for Ms. Riddle and $100/hour for Ms. Rash) are reasonable for attorneys of like skill and experience in this locality.  The Court disagrees with Defendant that Ms. Riddle and Ms. Rash performed paralegal work; to the contrary, their work, which included drafting subpoenas, meeting with witnesses, and drafting jury instructions, was attorney work and appropriately billed as such.  The

total number of hours billed by Plaintiff's counsel is reasonable, and counsel's invoices are adequately detailed.[1]  There is no indication that Plaintiff's counsel billed "excessive, redundant, or otherwise unnecessary hours."[2]  Thus, the Court finds no grounds for a reduction of Plaintiff's claimed fees.

An enhanced award may be justified "in some cases of exceptional success,"[3] but "only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged."[4]  While Plaintiff's attorneys did achieve a good result for their client at trial, the Court does not find this to be one of the "rare cases" warranting fee enhancement, especially in light of the fact that several claims were dismissed on Defendant's motions both at summary judgment and during trial.  Thus, the Court declines to award enhanced fees, and fees will be awarded in the amount of $108,781.00.

II.     Defendant's Motion to Stay Proceedings to Enforce Judgment

An appellant may obtain a stay of proceedings to enforce a judgment upon filing a supersedeas bond.[5]  Defendant contends that the supersedeas bond requirement should be waived in this case since, Defendant asserts, there is no risk that Plaintiff will be unable to collect.  The Court has reviewed the parties' papers and concludes that a

---

[1] See Jane L. v. Bangerter, 61 F.3d 1505, 1510 (10th Cir. 1995).

[2] See id.

[3] Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).

[4] Blum v. Stenson, 465 U.S. 886, 899 (1984).

[5] Fed. R. Civ. P. 62(d).

supersedeas bond is appropriate.  A bond shall be filed in the amount of $456,011.19, based upon:

    a.    Judgment in the amount of $300,000.00;

    b.    Costs in the amount of $1,705.85;

    c.    attorney's fees in the amount of $108,781.00;

    d.    5% postjudgment interest on items a, b, and c for one year ($20,524.34); and

    e.    anticipated attorney's fees on appeal in the amount of $25,000.00.

Accordingly, it is

ORDERED that Plaintiff Ocie Brooks' Motion For Attorney Fees (Doc. No. 106) is granted and attorney's fees are awarded to Plaintiff in the amount of $108,781.  It is

FURTHER ORDERED that Defendant Sara Lee Corporation's Motion To Stay Proceedings To Enforce Judgment (Doc. No. 112) is granted to the extent that Defendant requests a stay, but denied to the extent that Defendant requests waiver of the supersedeas bond requirement.  It is

FURTHER ORDERED that Defendant shall file a supersedeas bond in the amount of $456,011.19 by August 31, 2006.  It is

FURTHER ORDERED that upon Defendant's filing of the supersedeas bond, any proceedings to enforce the judgment in this case shall be stayed pending appeal.

Dated at Denver, Colorado, this __17__ day of August, 2006.

BY THE COURT,

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court